■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAINDAHI MILANES, Appellant. [8 NYS3d 332]—Order, Supreme Court, New York County (Larry R. Stephen, J.), entered March 22, 2012, as amended October 7, 2014, which denied defendant's CPL 440.10 and 440.20 motion to vacate a judgment of conviction rendered January 4, 2007 and set aside the sentence, unanimously affirmed.

Defendant's claim under *Padilla v Kentucky* (559 US 356 [2010]) is unavailing, because that decision has no retroactive application to this case (*People v Baret*, 23 NY3d 777 [2014]).

There is no basis for setting aside defendant's sentence. While the plea minutes establish that defendant pleaded guilty to attempted third-degree criminal possession of a controlled substance, court records mistakenly indicated that the plea was to fourth-degree possession. Defendant received his promised sentence of probation, which was lawful under either of these class C felonies, and the motion court granted the only remedy necessary, which was a correction of the error in the records. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.